1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

2004 BLUE LEXUS GX470, Washington
License Plate 029RYB, VIN
JTJBT20X940035115, et al.,

                Defendants.

CASE NO. C08-5084BHS

ORDER DENYING
CLAIMANT'S MOTIONS FOR
PARTIAL SUMMARY
JUDGMENT (DKT. 20) AND
FOR JUDGMENT ON THE
PLEADINGS OR IN THE
ALTERNATIVE FOR
PARTIAL SUMMARY
JUDGMENT

This matter comes before the Court on Claimant's Motions for Partial Summary

Judgment (Dkt. 20) and for Judgment on the Pleadings or in the Alternative for Partial

Summary Judgment (Dkt. 23). The Court has considered the pleadings filed in support of

and in opposition to the motions and the remainder of the file and hereby denies the

motions for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2007, Claimant Weldon Marc Gilbert was indicted and charged

with three counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and

(e) and one count of transportation of a minor to engage in illegal sexual activity in

violation of 18 U.S.C. § 2423(a). This matter is a civil forfeiture action in rem against a

ORDER - 1

1  number of assets owned by Mr. Gilbert. The assets include a 2006 Ford F150 pickup

2  truck Mr. Gilbert purchased for one victim's seventeenth birthday, a 2003 Sea Ray boat

3  and trailer kept at Mr. Gilbert's Lake Tapps home, and an unimproved lot of land ("Lot

4  10") adjacent to Mr. Gilbert's Lake Tapps house ("Lot 11").

5        Claimant Weldon Marc Gilbert seeks judgment on the pleadings pursuant to

6  Federal Rules of Civil Procedure 12(b)(3) and 12(c) as to Lot 10 on the grounds that the

7  Government fails to allege a connection between Lot 10 and the production or possession

8  of child pornography. Dkt. 23. Mr. Gilbert also seeks partial summary judgment as to the

9  Ford pickup truck and the Sea Ray boat on the grounds that the Government fails to

10  allege a substantial connection between these pieces of property and the alleged offense.

11  Dkt. 20.

12                      **II. SUMMARY JUDGMENT STANDARD**

13        Summary judgment is proper only if the pleadings, depositions, answers to

14  interrogatories, and admissions on file, together with the affidavits, if any, show that there

15  is no genuine issue as to any material fact and the moving party is entitled to judgment as

16  a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a

17  matter of law when the nonmoving party fails to make a sufficient showing on an

18  essential element of a claim in the case on which the nonmoving party has the burden of

19  proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of

20  fact for trial where the record, taken as a whole, could not lead a rational trier of fact to

21  find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

22  U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative

23  evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).

24  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

25  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing

26  versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W.*

27  *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

28

1    The determination of the existence of a material fact is often a close question. The

2  Court must consider the substantive evidentiary burden that the nonmoving party must

3  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

4  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

5  issues of controversy in favor of the nonmoving party only when the facts specifically

6  attested by that party contradict facts specifically attested by the moving party. The

7  nonmoving party may not merely state that it will discredit the moving party's evidence at

8  trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*

9  *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

10  statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*

11  *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

12                          **III. MOTION TO DISMISS STANDARD**

13    Motions to dismiss may be based on either the lack of a cognizable legal theory or

14  the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police*

15  *Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted

16  and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295,

17  1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require

18  detailed factual allegations but must provide the grounds for entitlement to relief and not

19  merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

20  *Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a

21  claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to

22  dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

23                                      **IV. DISCUSSION**

24    A person convicted of exploitation of children to create child pornography (18

25  U.S.C. § 2251) or possession of child pornography (18 U.S.C. § 2252) is subject to

26  criminal forfeiture of the following:

27

28

ORDER - 3

1

        (1) any visual depiction described in section 2251 . . . or 2252 . . . of

2
this chapter, or any book, magazine, periodical, film, videotape, or other
matter which contains any such visual depiction, which was produced,
transported, mailed, shipped or received in violation of this chapter;

3
        (2) any property, real or personal, constituting or traceable to gross
profits or other proceeds obtained from such offense; and

4
        (3) any property, real or personal, used or intended to be used to
commit or to promote the commission of such offense or any property

5
traceable to such property.

6
18 U.S.C. § 2253. Such property is also subject to civil forfeiture. 18 U.S.C. § 2254.

7
        The Government's burden of proof in a civil forfeiture proceeding is governed by

8
statute:

9
        (c) Burden of proof.--In a suit or action brought under any civil
forfeiture statute for the civil forfeiture of any property--

10
        (1) the burden of proof is on the Government to establish, by a
preponderance of the evidence, that the property is subject to forfeiture;

11
        (2) the Government may use evidence gathered after the filing of a
complaint for forfeiture to establish, by a preponderance of the evidence,

12
that property is subject to forfeiture; and
        (3) if the Government's theory of forfeiture is that the property was

13
used to commit or facilitate the commission of a criminal offense, or was
involved in the commission of a criminal offense, the Government shall

14
establish that there was a substantial connection between the property and
the offense.

15

16
18 U.S.C. § 983(c). While the Government bears the ultimate burden of establishing

17
forfeiture by a preponderance of the evidence, the Government may use evidence

18
gathered after the filing of a forfeiture complaint to meet this burden and is not required

19
to meet the preponderance standard merely to commence a civil forfeiture action. *See* 18

20
U.S.C. § 983(c)(2) ("the Government may use evidence gathered after the filing of a

21
complaint for forfeiture to establish, by a preponderance of the evidence, that property is

22
subject to forfeiture"); 18 U.S.C. § 983(a)(3)(D) ("No complaint may be dismissed on the

23
ground that the Government did not have adequate evidence at the time the complaint was

24
filed to establish the forfeitability of the property."); *United States v. Real Property*

25
*Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1193 (9th Cir.

26
2004).

27

28

ORDER - 4

1  **A.    MOTION TO STRIKE**

2        As a threshold matter, Mr. Gilbert moves to strike the affidavits of Jeffrey Stetler.

3  Dkt. 28 at 2. Mr. Gilbert contends that the affidavits consist of hearsay statements

4  attributed to various John Does, that Agent Stetler's opinions as to whether certain

5  videotapes depicting John Does qualify as child pornography and whether Mr. Gilbert

6  engaged in "grooming" or "luring" are inadmissable under Federal Rule of Evidence 701,

7  that Agent Stetler's reliance on a document titled "Agreement on Use of Vehicle" is

8  improper because the document was not served with the affidavit and because the

9  asserted existence and content of the document constitute inadmissible hearsay. Dkt. 28 at

10  2-4.

11        **1.    Hearsay**

12        Mr. Gilbert contends that Agent Stetler's affidavits are composed of hearsay

13  statements attributed to various John Does and therefore violate Federal Rule of Civil

14  Procedure 56(e), which provides in part as follows:

15              (e) Affidavits; Further Testimony.
              (1) In General. A supporting or opposing affidavit must be made on
16    personal knowledge, set out facts that would be admissible in evidence,
      and show that the affiant is competent to testify on the matters stated. If a
17    paper or part of a paper is referred to in an affidavit, a sworn or certified
      copy must be attached to or served with the affidavit. The court may permit
18    an affidavit to be supplemented or opposed by depositions, answers to
      interrogatories, or additional affidavits.
19
    Fed. R. Civ. P. 56(e)(1). At the summary judgment stage, the proper focus is on the
20
    admissibility of the contents of proffered evidence and not on the admissibility of the
21
    form in which the evidence is presented. The Court's inquiry is therefore whether the
22
    affidavits set forth "facts that would be admissible in evidence." Fed. R. Civ. P. 56(e)(1);
23
    *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). Because it is not clear that
24
    facts gleaned from John Does' accounts would be inadmissible at trial, the Court declines
25
    to strike the affidavits as containing inadmissible hearsay.
26

27

28

ORDER - 5

1

### 2. Expert Testimony

2   Mr. Gilbert also moves to strike portions of the Stetler affidavits characterizing

3   Mr. Gilbert's actions as "grooming" or "luring" because such characterizations require

4   expert testimony. Similarly, Mr. Gilbert contends that Agent Stetler's opinion as to

5   whether certain videotapes constitute child pornography are beyond the province of lay

6   testimony because the trier of fact does not require assistance to make such a

7   determination. Mr. Gilbert's contentions that Agent Stetler may testify only as a lay

8   witness and that subjects in his supplemental affidavits require expert testimony are

9   conclusory and do not provide a basis to strike the affidavits.

10

### 3. Agreement on Use of Vehicle

11   Finally, Mr. Gilbert moves to strike portions of the Stetler affidavits regarding a

12   document entitled "Agreement on Use of Vehicle" because such a document was not

13   served with the affidavit. *See* Fed. R. Civ. P. 56(e)(1) ("If a paper or part of a paper is

14   referred to in an affidavit, a sworn or certified copy must be attached to or served with the

15   affidavit."). The Court agrees that Agent Stetler's references to the document must be

16   stricken because no copy of the document was provided.

17   **B.     SUMMARY JUDGMENT**

18   Because the Government has referred to materials beyond the pleadings, the Court

19   considers the pending motions under the standard for summary judgment. Mr. Gilbert

20   does not refute the factual contentions regarding the seized assets and the underlying

21   criminal offenses and disputes only the sufficiency of the Government's allegations. At

22   this stage, as explained below, there is at least a genuine issue of material fact as to

23   whether Mr. Gilbert employed property described in the amended complaint to commit

24   the alleged criminal offenses.

25

### 1. Truck

26   Mr. Gilbert contends that there is no genuine issue of material fact as to whether

27   the F150 truck bears a substantial connection to the offense of sexual exploitation of a

28

ORDER - 6

1    child in violation of 18 U.S.C. § 2251 as to John Doe 2. With respect to the Ford 150

2    pickup truck, the Government alleges as follows:

3            On or about April 13, 2006, Marc Gilbert bought a new, white,
     2006 Ford F150 pick-up truck. . . . According to John Doe 2, this truck was
4    intended to be a gift from Gilbert to John Doe 2 for his seventeenth
     birthday. However, John Doe 2 was supposed to make payments on the
5    vehicle. According to John Doe 2, he paid Gilbert with cash or a check
     although sometimes Gilbert would transfer money from John Doe 2's bank
6    account to Gilbert instead. Gilbert paid John Doe 2 $100.00 per week for
     cleaning Gilbert's house. Occasionally, if Gilbert happened to owe John
7    Doe 2 money for this, Gilbert would withhold these payments to John Doe
     2 and tell him it was being applied to his truck payment. . . . John Doe 2
8    had been living with Gilbert prior to his arrest and drove the truck
     exclusively. Gilbert engaged in sexual conduct with John Doe 2, while
9    John Doe 2 resided with Gilbert at the lake Tapps residence, and while
     John Doe 2 used the truck during that period. However, once Gilbert was
10   arrested, John Doe 2 lost access to the vehicle and had to acquire other
     means of transportation.

11   Dkt. 16 at 18-19. The Government alleges that the truck was a means of enticement and

12   control of John Doe 2 and that there are 32 videotaped scenes of Mr. Glbert sexually

13   spanking John Doe 2 when John Doe 2 was estimated to be between 16 and 18 years of

14   age. Dkt. 27-2, Exh. A at 4. The Government further alleges that one month after Mr.

15   Gilbert purchased the truck, he flew John Doe 2 to Frankfurt, Germany, and that John

16   Doe 2 was spanked and filmed every day while he was in Germany. *Id.* These allegations

17   are sufficient to create a genuine issue of material fact as to whether the truck bears a

18   substantial connection to the crime of sexual exploitation of a child, and summary

19   judgment as to this piece of property would be improper.

20       **2.     Sea Ray Boat**

21       The Government alleges that Mr. Gilbert used the boat and trailer to attract minor

22   boys to the home, where he engaged in and videotaped sexual activity with the minor

23   boys. Dkt. 16 at 12; *see also* Dkt. 16 at 19 ("Many of the boys who were interviewed

24   described "partying" at Gilbert's residence, drinking alcohol, riding on Gilbert's jet skis

25   and in Gilbert's boat."). In response to Mr. Gilbert's motion, the Government offers

26   several specific allegations of Mr. Gilbert's use of the boat with minors who appear in

27   various videotapes. Dkt. 27-2. Such allegations create a genuine issue of material fact as

28

ORDER - 7

to whether the boat was substantially connected to the sexual exploitation of children. In this respect, summary judgment is denied.

**3.      Lot 10**

The amended complaint does not differentiate between Lots 10 and 11. In response to Mr. Gilbert's motion, the Government offers the affidavit of Gary Fletcher, Mr. Gilbert's neighbor. *See* Dkt. 31-2, Exh. A. According to Mr. Fletcher, Mr. Gilbert purchased a helicopter four years ago and began leveling the land on Lot 10 to create a landing pad for the helicopter. *Id.* at 3. Mr. Fletcher contends that Mr. Gilbert parked his helicopter on Lot 10 except during periods of inclement weather. *Id.* at 5. Mr. Fletcher personally observed Mr. Gilbert giving helicopter rides to young boys. *Id.* The Government alleges that Mr. Gilbert used the helicopter to entice the alleged victims and transport them to locations where some of the videotapes were made. *See, e.g.*, Dkt. 16 at 13. The Government's allegations and supporting affidavits are sufficient to withstand summary judgment.

## V. ORDER

Therefore, it is hereby

**ORDERED** that Claimant's Motions for Partial Summary Judgment (Dkt. 20) and for Judgment on the Pleadings or in the Alternative for Partial Summary Judgment (Dkt. 23) are **DENIED**.

DATED this 27th day of May, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8